IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT S. BOGGESS,

               Plaintiff,

vs.                                                                                     Civil Action No.

                                                                    Hon.

BEAUMONT SERVICES COMPANY, LLC.

               Defendant.

_____/

PITT MCGEHEE PALMER RIVERS & GOLDEN, PC
MEGAN A. BONANNI (P52079)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Robert S. Boggess, by and through his attorneys, PITT, McGEHEE, PALMER, RIVERS & GOLDEN, P.C., complains against Defendant Beaumont Services Company, LLC, as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Robert S. Boggess is a citizen of the State of Michigan and a resident of Macomb, Michigan.

2.     Defendant Beaumont Services Company, LLC ("Beaumont") is a Michigan corporation which has its principle place of business located and established and does substantial business in the Eastern District of Michigan.

3.       All of the discriminatory employment practices as alleged in this Complaint occurred within the State of Michigan and within the Eastern District of the United States District Court of Michigan.

4.       Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights alleging discrimination against him.

5.       This action has been filed within 90 day of the receipt of the Right to Sue Letter by the Plaintiff.

6.       This court has jurisdiction pursuant to 42 U.S.C. § 112111 of the ADA.

STATEMENT OF FACTS

7.       On September 1, 2002, Robert Boggess ("Boggess") was hired by Defendant Beaumont Services Company, LLC. ("Beaumont") where he worked as a power plant engineer.

8.       On November 4, 2008 during a mandatory MIOSHA fit test, Mr. Boggess' supervisor Mr. Jerry Meeks harassed Plaintiff with sarcastic remarks about his back issues.

9.       Mr. Boggess has a congenital back condition which has resulted in multiple medical leaves.

10.       On November 6, 2008, Boggess met with HR Director Sam Veltri where he reported Mr. Meeks' actions and was informed that the issue would be investigated.

11.       Following Mr. Boggess' report of harassment, Meeks continued to subject Boggess to harassing behavior.

12.       In early January, 2009 employees were informed that layoffs were scheduled to take place on January 13, 2009.

13.    On January 10, 2009 an attendance document was placed in Boggess' mailbox, which showed Boggess having numerous unexcused absences.

14.    Upon inspection, Boggess discovered that the document was inaccurate and misleading, falsely reporting as unexcused absences days when Boggess was actually working and where the time off was excused in accordance with company policy.

15.    On January 11, 2009, Plaintiff met with HR Manager Debbie Whitcher and Meeks who announced that Boggess was "at the top of the layoff list" because of his attendance.

16.    During the meeting, Boggess was able to prove to Whitcher and Meeks that the substantial portions of the attendance record was inaccurate.

17.    During the meeting, Boggess identified other employees with far more "call-ins" who were not placed on top of the layoff list.

18.    The evening, Ms. Whitcher contacted Boggess to inform him that contrary to her previous statements, he would neither be written up nor suspended due to his attendance. Whitcher instructed Bogess to report to work that evening where his keys and badge would be returned to him.

19.    On February 3, 2009, Meeks ordered Boggess and his partner to perform a job in an unsafe manner.

20.    On February 3, 2009, Boggess received a written warning letter from Mr. Meeks stating that Boggess avoided communication with Mr. Meeks that morning.

21.    On February 4, 2009, Mr. Boggess approached Mr. Meeks about the letter. Meeks responded in a violent and aggressive manner.

3

22.     On February 17, 2009, Meeks gave Boggess a write-up relating to his "call-ins" from the January 11, 2009, the very absences which had been previously addressed and resolved.

23.     Because the February 17, 2009 write-up letter contained false and misleading information about Plaintiff's attendance, Plaintiff refused to sign the document.

24.     In February, 2009 Boggess reported to his physician Dr. Steven Taubault because he was experiencing significant anxiety due to the ongoing events at work.

25.     On February 18, 2009, Dr.  Taubault notified Defendant that Boggess would require a medical leave from February 18, 2009 until April 25, 2009 due to workplace stress.

26.     From April 24, 2009 through April 29, 2009, Boggess left multiple messages for Ms. Whitcher in order to commence the return to work process.

27.     Based on his past medical leaves, Boggess knew that he needed to contact HR in order to be released to return to work.

28.     On April 30, 2009 Whitcher finally returned Boggess' calls, informing him that he needed to meet with her before being released to return to work.

29.     On May 4, 2009, Boggess met with Whitcher and Meeks where he was presented with a written reprimand for "no call no show" and a two (2) day suspension without pay based on "unexcused" absences for April 28, 29 and 30, 2009.

30.     Boggess refused to sign the reprimand because his numerous calls to Ms. Whitcher to initiate his return to work after April 24, 2009 were ignored.

31.     From May 6, 2009 through May 21, 2009, Mr. Meeks pressured Mr. Boggess to sign the written reprimand.

4

32.     Many mornings, Mr. Meeks followed Boggess out the door of the facility to the parking lot where he badgered Boggess to sign the reprimand.

33.     Mr. Boggess refused to sign the reprimand because it was a false and misleading accounting of his absences.

34.     On May 22, 2009 Dr. Taubault again placed Boggess on medical leave due to workplace stress.

35.     On July 27, 2009, Boggess was informed by Defendant's disability insurance carrier that based on his employer's statements questioning his medical leave, the claim was being denied.

36.     Defendant's interference with Boggess' bona fide medical leave disqualified him from any compensation during his two and one half month leave.

37.     On July 22, 2009, Boggess filed an EEOC complaint due to the ongoing harassment he was experiencing.

38.     During a conversation with Whitcher about his leave, Whitcher and Boggess discussed the fact that an EEOC charge had been filed.

39.     On August 7, 2009, Dr. Taubault returned Boggess to work.

40.     Whitcher informed Boggess that as a condition of his employment, he would be required to submit to an evaluation by a physician selected by Beaumont.

41.     On August 14, 2009, Boggess was released to return to work.

42.     On August 15, 2009, as a direct result of not being paid during his medical leave, Boggess' vehicle was repossessed due to non-payment.

43.     Although Boggess typically made a request for personal time off (PTO) and vacation days to his direct supervisor, because Meeks was on vacation, Boggess followed the company practice of directing his request to Tom Burgess who was second in command.  Out of courtesy, Boggess also contacted Ms. Whitcher.

44.     Boggess had ample personal time off (PTO) and vacation days left in his bank to cover the required time off work so that he could arrange for new transportation.

45.     Mr. Boggess' request to take personal time off (PTO) days on August 24, 25, 26 and 27, 2009 was approved by Whitcher.

46.     On August 21, 2009, Boggess called Burgess and informed him that Whitcher was aware of the personal time off (PTO).  Burgess duly recorded the personal time off (PTO) days in the log book.

47.      On August 27, 2009, Whitcher called Boggess to inform him that due to the four (4) days of "no call no show" on August 24-27, 2009, Boggess was terminated.

### COUNT I
### VIOLATION OF ADA - DISABILITY DISCRIMINATION
### (DISPARATE TREATMENT – TERMINATION)

48.     Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

49.     At all times relevant hereto, Boggess was an employee and Defendant was an employer within the meaning of the ADA 42 U.S.C. §12111(2)(7).

50.     Boggess was a qualified person with a disability because he suffered from an actual impairment or was perceived by Defendant as having an actual or perceived physical or mental impairment.

51.     Beaumont was under the obligation to refrain from discriminating against Plaintiff because he is a person with a disability or because he was regarded or perceived as a person with a disability or because of his history or record of disability.

52.     Boggess is qualified under the Act as he had a back impairment and mental impairment which substantially limited a major life activity or was perceived or regarded by his employer as a person with a disability.

53.     Defendant's management made derogatory statements about Plaintiff's back condition.

54.     Plaintiff was harassed and discriminated against in the terms of his employment.

55.     The discrimination took the form of false statements designed to injure Boggess' reputation or diminish his standing among his peers and management.

56.     The reasons for terminating Boggess were pretextual.

57.     As a result of Defendant's discriminatory practices, Boggess has experienced and will continue to experience, a loss of wages and other economic losses; Plaintiff has experienced and will continue to experience, mental anguish, emotional distress and humiliation; and a loss of reputation.

Accordingly, Plaintiff requests the following:

a)      An order of this court awarding reinstatement to a position at Beaumont;

b)      An order of this court awarding compensation, attorney fees, costs and interest;

c)      An order of this court awarding Boggess such other relief as the court deems just and equitable;

d)     An order of this court awarding Boggess punitive damages resulting from Defendant's willful interference with his civil rights; and

e)     An order of this court awarding Boggess such other equitable relief as this court deem just and equitable.

## COUNT II
### VIOLATION OF THE MICHIGAN PERSON'S WITH DISABILITIES CIVIL RIGHT ACT (DISPARATE TREATMENT – TERMINATION)

58.     Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

59.     At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of the Persons With Disabilities Civil Rights Act ("PDCRA"); MCL §37.1101, *et seq.*

60.     Boggess was a qualified person with a disability because he suffered from an actual impairment or was perceived by Defendant as having an actual or perceived physical or mental impairment. MCL §37.1103(h).

61.     Boggess had physical and mental impairments which substantially limited a major life activity or was regarded by his employer as a person with a mental impairment which substantially limited a major life activity.

62.     Defendant's agents made derogatory statements about Plaintiff's back condition.

63.     Management failed to correct the discriminatory conduct and that it was aware that Plaintiff was subjected to and actually participated in the unlawful activity.

64.     The reasons for terminating Boggess were pretextual and the product of a plan by management to create false reasons for Boggess' termination.

8

65.     As a result of Defendant's discriminatory practices, Boggess has experienced and will continue to experience, a loss of wages and other economic losses; Plaintiff has experienced and will continue to experience, mental anguish, emotional distress and humiliation and a loss of reputation.

Accordingly, Plaintiff requests the following relief:

a)     An Order of this court awarding Plaintiff reinstatement;

b)     An Order of this court awarding Plaintiff compensatory damages in an amount to which he is found to be entitled to;

c)     An Order of this court awarding Plaintiff punitive damages resulting from Defendant's willful interference with his civil rights;

d)     An Order of this court awarding Plaintiff interest, costs and attorney fees; and

e)     An Order of this court awarding Plaintiff such other equitable relief as this court deems just and equitable.

**COUNT III**
**ADA – HOSTILE WORK ENVIRONMENT**

66.     Plaintiff incorporates by reference the allegations contained above as though stated in full herein.

67.     At all times relevant hereto Boggess was an employee and Defendant was an employer within the meaning of the ADA 42 U.S.C. § 121111(2)(7).

68.     Throughout the course of Boggess' employment, he was subjected to unwelcomed harassment based on his disability by his supervisor Mr. Meeks.

69.     The harassment was severe or pervasive enough to unreasonably interfere with his work performance by creating an intimidating, hostile, or offensive work environment.

70.     Beaumont was under the obligation to refrain from discriminating or harassing Boggess because he suffered from an actual disability or was perceived by Defendant from suffering from a disability.

71.     The harassment was severe and pervasive and management failed to correct the harassing condition and actually participated in the unlawful activity.

72.     As a result of discriminatory practices, Boggess has experienced and will continue to experience, a loss of wages and other economic losses; Plaintiff has experienced and will continue to experience, mental anguish, emotional distress and humiliation and a loss of reputation.

Accordingly, Plaintiff requests the following relief:

    a)     An Order of this court awarding Plaintiff reinstatement;

    b)     An Order of this court awarding Plaintiff compensatory damages in an amount to which he is found to be entitled to;

    c)     An Order of this court awarding Plaintiff punitive damages resulting from Defendant's willful interference with his civil rights;

    d)     An Order of this court awarding Plaintiff interest, costs and attorney fees; and

    e)     An Order of this court awarding Plaintiff such other equitable relief as this court deems just and equitable.

### COUNT IV
### VIOLATION OF THE MICHIGAN PERSON'S WITH DISABILITIES CIVIL RIGHT ACT (PDCRA) (HOSTILE ENVIRONMENT)

73.     Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

74.     At all times relevant hereto Boggess was an employee and Defendant was an employer within the meaning of the Michigan Person's With Disabilities Civil Rights Act (PDCRA); MCL § 37.1101 et seq.

75.     Throughout the course of Boggess' employment, he was subjected to unwelcomed harassment based on his disability by his supervisor Mr. Meeks.

76.     The harassment was severe or pervasive enough to unreasonably interfere with his work performance by creating an intimidating, hostile, or offensive work environment.

77.     Beaumont was under the obligation to refrain from discriminating or harassing Boggess because he suffered from an actual disability or was perceived by Defendant from suffering from a disability.

78.     The harassment was severe and pervasive and management failed to correct the harassing condition and actually participated in the unlawful activity.

79.     As a result of discriminatory practices, Boggess has experienced and will continue to experience, a loss of wages and other economic losses; Plaintiff has experienced and will continue to experience, mental anguish, emotional distress and humiliation and a loss of reputation.

Accordingly, Plaintiff requests the following relief:

a)      An Order of this court awarding Plaintiff reinstatement;

b)      An Order of this court awarding Plaintiff compensatory damages in an amount to which he is found to be entitled to;

c)      An Order of this court awarding Plaintiff punitive damages resulting from Defendant's willful interference with his civil rights;

11

      d)      An Order of this court awarding Plaintiff interest, costs and attorney fees; and

      e)      An Order of this court awarding Plaintiff such other equitable relief as this court deems just and equitable.

## COUNT V
## VIOLATION OF ADA – RETALIATION

80.      Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

81.      Boggess engaged in protected activity under the ADA when he complained to Defendant's management and the EEOC that he was subjected to severe and pervasive harassment because of his disability or perceived disability and requested that prompt remedial action be taken to prevent further harassment.

82.      In retaliation for his complaints and protected activity, management failed and refused to take the appropriate corrective action and in doing so, permitted a retaliatory harassing work environment which ultimately led to Boggess' termination.

83.      Boggess was terminated in retaliation for his protected activity. As a direct and proximate result of the Defendant's unlawful actions, Boggess has suffered economic damages, including past, present and future lost earnings, diminished earnings capacity and loss of career opportunities and will continue to experience mental anguish, emotional distress and humiliation; Boggess has and will continue to experience a loss of reputation.

Accordingly, Plaintiff requests the following:

      a)      An order of this court awarding reinstatement;

      b)      An order of this court awarding Plaintiff his seniority, benefits, wages and any other items;

c)   An order of this court awarding compensation, attorney fees, costs and interest;

d)   An order of this court awarding Boggess such other relief as the court deems just and equitable;

e)   An order of this court awarding Boggess punitive damages resulting from Defendant's willful interference with his civil rights; and

f)   An order of this court awarding Boggess such other equitable relief as this court deem just and equitable.

## COUNT VI
### VIOLATION OF THE MICHIGAN PERSON'S WITH DISABILITIES CIVIL RIGHT ACT (PDCRA) (RETALIATION)

84.   Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

85.   Boggess engaged in protected activity under the PDCRA when he complained to Defendant's management and the EEOC that he was subjected to severe and pervasive harassment because of his disability or perceived disability and requested that prompt remedial action be taken to prevent further harassment.

86.   In retaliation for his complaints and protected activity, management failed and refused to take the appropriate corrective action and in doing so, permitted a retaliatory harassing work environment which ultimately led to Boggess' termination.

87.   Boggess was terminated in retaliation for his protected activity. As a direct and proximate result of the Defendant's unlawful actions, Boggess has suffered economic damages, including past, present and future lost earnings, diminished earnings capacity and loss of

career opportunities and will continue to experience mental anguish, emotional distress and humiliation; Boggess has and will continue to experience a loss of reputation.

Accordingly, Plaintiff requests the following:

a)    An order of this court awarding reinstatement;

b)    An order of this court awarding Plaintiff his seniority, benefits, wages and any other items;

c)    An order of this court awarding compensation, attorney fees, costs and interest;

d)    An order of this court awarding Boggess such other relief as the court deems just and equitable;

e)    An order of this court awarding Boggess punitive damages resulting from Defendant's willful interference with his civil rights; and

f)    An order of this court awarding Boggess such other equitable relief as this court deem just and equitable.

## COUNT VII
## VIOLATION OF FMLA

88.    Plaintiff incorporates by reference the allegations contained above as though stated fully herein.

89.    At all times relevant to this action, Defendant was an employer within the meaning of FMLA because it employed 50 or more employees and, during the relevant time, acted directly or indirectly in the interests of an employer.  29 U.S.C. §2611(4)(A)(i)(ii)(I)(II).

90.    At all times relevant to this action Boggess was an eligible employee under the FMLA because he worked for at least twelve months for Beaumont and in excess of 1,250 hours during the twelve months immediately preceding the date on which he took an FMLA-

protected absence.

91.     Boggess engaged in activity protected by the FMLA when he went on medical leaves in 2008 and 2009 because of serious health conditions.

92.     Pursuant to 29 U.S.C. § 2615(a)(2), the FMLA prohibits employers from discharging or in any other manner discriminating against an employee for asserting their rights under the Act.

93.     Beaumont engaged in willful retaliation and discrimination in violation of the FMLA by allowing the harassment of Boggess to continue, despite his repeated complaints to management that the harassment and by terminating Boggess' employment on August 20, 2009 for reasons it knew to be pretextural.

94.     A causal connection exists between Boggess' FMLA-protected leave and his termination on August 30, 2009.

95.     As a result of the above-described violations of FMLA, Boggess has been damaged by Beaumont in the nature of lost wages, salary, employment benefits and other compensation, actual monetary losses, interest at the prevailing rate and liquidated damages. 29 U.S.C. §2617(a)(1)(A)(i)(I)(II)(iii)(iii).

## **RELIEF REQUESTED**

Based on the foregoing, Boggess requests the following relief from the Court:

  a.     An award of damages as set forth above;

  b.     Equitable relief in the nature of reinstatement with full seniority;

  c.     An order of the Court awarding Boggess liquidated damages because of the Company's willful violation of his federally-protected statutory rights;

     d.     An order of the court awarding Boggess interest, costs, attorney fees and other benefits provided for under the statute; and

     e.     An order of the court granting Boggess such equitable relief as the court deems just and equitable.

PITT MCGEHEE PALMER RIVERS & GOLDEN, PC

BY: /S/ MEGAN B. BONANNI P52079
MEGAN A. BONANNI (P52079)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

Dated: December 20, 2010

16

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT S. BOGGESS,

       Plaintiff,

vs.                                        Civil Action No.

                                           Hon.

BEAUMONT SERVICES COMPANY, LLC.

       Defendant.

_____/

PITT MCGEHEE PALMER RIVERS & GOLDEN, PC
MEGAN A. BONANNI (P52079)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

_____/

**<u>DEMAND FOR JURY TRIAL</u>**

    Plaintiff demands a trial by jury of all issues to the within cause of action.

                       PITT McGEHEE PALMER RIVERS & GOLDEN, P.C.

                           By: <u>/s/ Megan A. Bonanni P52079</u>
                           Megan A. Bonanni (P52079)
                           Attorneys for Plaintiff
                           117 W. Fourth Street, Suite 200
                           Royal Oak, Michigan 48067
                           (248) 398-9800

Dated:   December 20, 2010